UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FLAVA WORKS, INC.,

    Plaintiff,  **COMPLAINT**

vs.

PLATINUM PLANNING GROUP, INC.
d/b/a SIZZLE MIAMI and SIZZLE, LUIS
MEDRANO and DWIGHT POWELL,

    Defendants.
_____/

Plaintiff, Flava Works, Inc. ("Flava Works"), by and through undersigned counsel hereby files this complaint against Defendants, Platinum Planning Group d/b/a Sizzle Miami ("Sizzle"), Luis Medrano and Dwight Powell ("Powell"), and as grounds therefore states the following:

## INTRODUCTION

1. This is an action by Flava Works to recover damages arising from infringement of Plaintiff's copyrights and trademarks in its creative works by the Defendants.

2. Sizzle is owned and operated by Dwight Powell and Luis Medrano.

3. Defendants reproduced and distributed certain Plaintiff-owned works through its website, www.sizzlemiami.com and www.sizzleshopping.com and through its hard-copy publication of the Sizzle promotional booklet.

4. The Defendants' actions were willful in nature, entitling the Plaintiff to enhanced damages. The Plaintiff seeks statutory damages, actual damages, an award of its attorneys' fees and costs of suit, as well as injunctive relief.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Copyright Act 17 U.S.C. §§ 101 et seq.

6. This Court has personal jurisdiction over the Defendant Sizzle, which has its place of business at 3301 NE 1st Ave., Suite 1103, Miami, Florida 33137.

7. This Court has personal jurisdiction over the Defendant Dwight Powell, who resides in Miami-Dade County.

8. This Court has personal jurisdiction over the Defendant Luis Medrano, who resides in Miami-Dade County.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and (d); and 28 U.S.C. §1400(a).

## THE PARTIES

### THE PLAINTIFF, FLAVA WORKS, INC.

10. Flava Works is a Florida Corporation with a mailing address of 2610 North Miami Ave, Miami, Florida 33127.

11. Plaintiff Flava Works produces, markets, and distributes adult-oriented audiovisual under registered trademarks, including photographs, DVDs, and through the operation of websites and its magazine. On these websites, individuals purchase monthly subscriptions to view Plaintiff's photographic works and audiovisual content. In addition, individuals subscribe to *Flava Men* magazine, a Flava Works publication.

12. *Flava Men*, a high-quality content magazine geared towards the gay community and is only available to subscribers.

### **DEFENDANT PLATINUM PLANNING GROUP, INC. d/b/a SIZZLE**

13. Sizzle does business as and operates the website www.sizzlemiami.com

14. Defendant Sizzle host the event, Sizzle Miami, which is geared towards the gay community.

15. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### **DEFENDANT DWIGHT POWELL**

16. On information and belief, Powell is the owner and operator of the website www.sizzlemiami.com.

17. Powell is listed as the officer/director of Sizzle.

18. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

## DEFENDANT LUIS MEDRANO

19. On information and belief, Luis Medrano is the owner of Sizzle Miami. Exhibit A.

20. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

## STATEMENT OF FACTS

21. Plaintiff hosts an annual award show for those in the gay-adult industry.

22. Defendants host an annual Memorial Day Weekend Event in Miami catering to the gay community.

23. The event is promoted on its website, e-mail advertising, and through its publication. Exhibit B.

24. Defendants without authorizations used Plaintiffs copyrighted images in the promotion of its events. Exhibit C.

25. Sizzle makes it money through the promotion of its event.

26. Additionally, Sizzle's business model depends in part on the notability of those whom attend its events. Exhibit D.

27. The Flava Works models whose images are used on Sizzle's website, e-mail blasts, and publication are the images of Baby Star, a well-known model and entertainer within the industry. Exhibit E.

28. The Flava Works models whose images are used on Sizzle's website, e-mail blasts, and publication are the images of DeAngelo Jackson, a well-known model and entertainer within the industry. Exhibit F.

29. The Flava Works models whose images are used on Sizzle's website, e-mail blasts, and publication are the images of Matrix, a well-known model and entertainer within the industry. Exhibit G.

30. The Flava Works models whose images are used on Sizzle's website, e-mail blasts, and publication are the images of Xavier Vega, a well-known model and entertainer within the industry. Exhibit H.

31. The images of the four models are copyrighted. Exhibit I.

32. The pictorial works at issue are valuable, and easily discernable as professionally produced works. Plaintiff Flava Works created the works using the highest quality cameras, lighting, and editing equipment.

33. Neither Defendants nor the individuals viewing the material pay anything to the actual copyright owner of the material.

34. Plaintiff Flava Works' discovered copyrighted material illegally shared on Defendant's website, e-mail advertising, and publication. See Exhibit C.

35. The exact number of times that the copyrighted material was shared on e-mail blasts by Plaintiff's is unknown at this time. However, Plaintiff can establish that at least one e-mail blast contained Plaintiff's copyrighted images. Exhibit B.

36. The exact number of times that the copyrighted material was shared in Defendants published booklet by Plaintiff's and is unknown at this time. However, Plaintiff can establish that at least one published booklet contained Plaintiff's copyrighted images. Exhibit J.

37. Plaintiff has trademarks and/or common law trademarks on Flava Works, Flava Men Thugboy, and PapiCock. Exhibit K.

38. Defendant infringed on Plaintiff's trademarks in order to increase its profits. Exhibit L.

39. Defendants actively engaged in and promote its copyright and trademark infringements. Each infringement act occurred on Defendants website, e-mail blasts, or publication.

40. Plaintiff Flava Works' discovered and documented that Defendants reproduced and publicly displayed through its website, e-mail advertising, and publication multiple unauthorized pictorial files copyrighted by and belonging to Plaintiff.

41. Defendants intentionally, knowingly, negligently, or through willful blindness choose to avoid reasonable precautions to deter its copyright infringement on Defendants website, e-mail advertising, and publication and/or perpetuated the infringements itself.

42. Defendants' acts and omissions allow them to profit by their infringement while imposing on copyright owners a monetary burden to monitor Defendant's promotions of its events without sufficient means to prevent continued and unabated infringement.

43. Prior to releasing its works into the market, Plaintiff Flava Works marks each work with a copyright notice. Plaintiff's labels reflect its true business address and a statement that it is conforming to federal law.

44. Plaintiff Flava Works prominently displays its copyright and trademark marks on its website, publications, and films.

45. Defendants' infringements harmed and continue to harm Plaintiff Flava Works and others legally deriving the benefits of Plaintiffs creative works. Defendants' continued infringements undermine Plaintiffs and other creative enterprises that produce pictorial works.

46. Plaintiff Flava Works seeks immediate redress, as follows:

   a. A declaration that Defendants' conduct in reproducing and distributing Plaintiff's copyrighted works and trademarks without authorization willfully infringes Plaintiff Flava Works's copyrights and trademarks;

   b. A permanent injunction requiring Defendants employ reasonable methods and/or technologies preventing or limiting infringement of Plaintiff Flava Works copyrights and trademarks;

   c. Statutory damages for Defendants' past and present willful infringement, or actual damages plus profits.

   d. A seizure of all of the instrumentalities of the Defendants' illegal acts.

## FIRST CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 101 Et. Seq.

47. Plaintiff repeats and incorporates by reference as if *verbatim*, each and every paragraph previous to this section, inclusive.

48. Plaintiff Flava Works holds the copyright on each of the infringed works alleged in this action.

49. At all pertinent times, Plaintiff Flava Works was the producer and registered owner of pictorial works illegally and improperly reproduced and distributed by Defendants through its websites, e-mails blasts, and publications.

50. Defendants reproduced, copyrighted works by and through servers and/or other hardware owned, operated, and/or controlled by Defendant www.sizzlemiami.com.

51. Defendants reproduced, copyrighted works by and through in a publication owned and/or controlled by Defendant Sizzle.

52. Defendants reproduced, copyrighted works by and through electronic mail owned and/or controlled by Defendant Sizzle.

53. Defendants' reproductions and distributions of the works were done without proper approval or authorization of Plaintiff.

54. Defendants knew or should have reasonably known they did not have permission to exploit Plaintiff Flava Works' works on its websites, e-mails blasts, and publications and further knew or should have known their acts constituted copyright infringement.

55. Defendants knew or should have known that Plaintiff Flava Works are the copyright owners of the works. Defendants made no attempts to get permission from the owner or license holder of copyrighted works prior to pirating them.

56. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff Flava Works' copyrighted works.

57. The quality and quantity of copyrighted images available to Internet users, e-mails blasts, and publications increased the attractiveness of Defendant Sizzle's services to its customers, increased the number of participating members in its events, and increased its sales revenue.

58. Defendants' conduct was willful within the meaning of 17 U.S.C. §101, et seq. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff Flava Works' registered copyrights.

59. Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill. See 17 U.S.C. §501.

60. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff Flava Works to recover statutory damages. 17 U.S.C. §504(c).

61. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

62. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

63. Plaintiff Flava Works has no adequate remedy at law for Defendants' wrongful conduct, as follows:

    a. Plaintiff's copyrights are unique and valuable property having no readily determinable market value;

    b. Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and,

    c. Defendants' wrongful conduct and damages to Plaintiff are continuing and unremitting.

d.  Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights; 17 U.S.C. §502.

**SECOND CAUSE OF ACTION**
Trademark Infringement 15 U.S.C. § 1125
False Designations of Origin

64. Plaintiff is the holder of the following pending, federally registered, and/or common law trademarks: Flava Men, Serial Number 76609587; Flava Works, Serial Number 85086562; Thugboy, Serial Numbers 77915525 and 77919166; PapiCock, Serial Numbers 77910877 and 77914926.

65. Plaintiff's trademarks are inherently distinctive.

66. The relevant market associates the Plaintiffs trademarks exclusively with the Plaintiff.

67. Plaintiff includes its trademarks and logos on the packaging for its DVDs and in frames for the videos that it produces. This identifies the works as those of the Plaintiff.

68. Plaintiff also includes its trademarks and logos on its websites, publications, and e-mail blasts.

69. Defendants include the Plaintiffs logos and trademarks on his websites and publications in its promotions of its events to the public.

70. Plaintiff has made, and continues to make, substantial investments of resources in the production, marketing, and branding of its products sold and otherwise distributed under these trademarks.

71. Plaintiff takes great care in creating the look and quality of the products sold under its mark, including the production values inherent in the films themselves, but also

including the packaging of its DVDs and the materials provided to consumers with the Plaintiffs goods.

72. Plaintiff exercises a great degree of control and oversight in the production and post-production stages of the creation and marketing of its products. This is to insure that all of the Plaintiffs productions retain their distinctive character and quality, so as to maintain the Plaintiff s reputation in the relevant marketplace.

73. Plaintiff has exercised the same degree of conscientiousness in hosting and promoting the Blatino Awards. Plaintiff's event has been a success mostly due to the investment he has made in its productions, websites, and publications.

74. Plaintiff has, at all times relevant hereto, taken care to enforce its trademarks and to prevent third parties from infringing thereupon.

75. Plaintiff has, at all times relevant hereto, exercised significant control over the technical quality of its goods and services, including but not limited to the Plaintiffs copyrighted works, as well as the packaging, duplication, manufacture, and distribution thereof, in order to maintain the overall quality of the goods bearing the Plaintiff s trademarks and to protect the value of the relevant trademarks.

76. Defendants' use of Plaintiffs' mark on its websites and publication to promote an event that it has and will continue to profit from constitutes an intentional and unlawful use of the Plaintiffs trademarks.

77. This misuse constitutes a false designation of origin and is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or sponsorship of Defendants activities by Plaintiff.

78. This misuse has caused the Plaintiffs customers, members of the relevant trade, and other end users to suffer confusion, mistake, and/or to be deceived as to the origin of the event.

79. On information and belief, as a direct and proximate result of his conduct, Defendants have realized and continues to realize profits and other benefits rightfully belonging to the Plaintiff.

80. Defendants has willfully engaged in, and is willfully engaging in, the acts complained of in this complaint with malice, fraudulent intent, and in conscious disregard for the Plaintiffs intellectual property rights and other legal rights.

81. The Plaintiff has suffered damages of an amount to be proven at trial.

82. Plaintiff has been damaged by the Defendant's conduct, continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from Defendants conduct.

83. As Defendants conduct was an intentional act, using the Plaintiffs federally registered trademarks, the Plaintiff is entitled to treble damages, attorney's fees, and costs of suit.

84. Additionally, Defendants brazen and willful conduct in this case rises to the level of it being an "exceptional case," thus independently entitling the Plaintiff to an award of its attorneys fees expended in order to bring this action.

**WHEREFORE; PLAINTIFF PRAYS**

A. That the Court issue a Permanent Injunction in accordance with the Order requested above;

B. That the Defendants be required to pay Plaintiff s actual damages proximately resulting from the Defendant's acts, or statutory damages for each violation, as the Plaintiff may elect as a matter of right;

C. That the Defendant be required to pay treble damages for his willful trademark infringement;

D. That Defendant accounts for:

1. All gains, profits, and advantages of any kind derived by him by his aforementioned and complained-of acts and business practices;

2. All gains, profits, and advantages derived by the infringement upon the Plaintiffs copyrights, or such damages as this Court shall deem proper within the provisions of the Copyright Act, up to $150,000 for each unlawful duplication and distribution of the Plaintiffs works, which was intentionally and unlawfully infringed upon by the Defendant; and

3. For statutory and/or exemplary damages, as awarded by this Court;

E. That Defendant pays to the Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 11 17(a);

F. That Defendant pays the Plaintiff the costs of this action; and

G. For any additional and further relief which this Court deems to be just and proper.

Respectfully submitted,

By:   /s/ Stacy-Ann Frater_____
MIRTA DESIR, ESQ. (NEW YORK BAR 4805057)
mdesir@gmail.com
STACY-ANN FRATER, ESQ. 41021
frater.stacyann@gmail.com
P.O. Box 611214
Miami, Florida 33261
2610 North Miami Avenue
Miami, Florida 33127
Tel.: 800-357-0576
Fax: 305-597-0676